NO.
12-06-00254-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

DANIEL
SHELTON,            §                      APPEAL FROM THE 

APPELLANT

 

V.        §                      COUNTY
COURT AT LAW #3

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Daniel
Shelton appeals from his conviction for driving while intoxicated.  In one issue, he argues that the evidence was
factually insufficient to sustain the conviction.  The State did not file a brief.  We affirm.

Background

            Appellant was driving a truck
pulling an empty boat trailer when he lost control of the vehicle and
wrecked.  The trooper investigating the
wreck concluded that Appellant lost control because he traveled over a railroad
crossing at a high rate of speed, which caused the empty trailer to bounce and
ultimately caused Appellant to lose control of his truck.  The truck rolled from end to end and suffered
significant damage.

            Appellant told the trooper that he
was not injured, and he was able to discuss the wreck with the trooper.  Upon completing his investigation, the
trooper concluded that Appellant had been intoxicated when he operated the
vehicle, and arrested him for driving while intoxicated.   

            Appellant was charged with the
misdemeanor offense of driving while intoxicated.  He pleaded not guilty, and a jury trial was
held.  The jury found him guilty.  After a separate punishment hearing, the jury
assessed punishment of ninety days of confinement and a fine of $2,000.  The jury recommended that the jail portion of
the sentence and $1,500 of the fine be suspended and Appellant be placed on
community supervision.  This appeal
followed.

 

Factual Sufficiency of the Evidence

            In his sole issue, Appellant argues
that the evidence is factually insufficient to support his conviction.  

Analysis

            We review the factual
sufficiency of the evidence to determine whether, considering all the evidence
in a neutral light, the evidence supporting the conviction is too weak to
withstand scrutiny or the great weight and preponderance of the evidence contradicts
the jury’s verdict to the extent that the verdict is clearly wrong and
manifestly unjust.  See Watson v.
State, 204 S.W.3d 404, 414–15, 417 (Tex. Crim. App. 2006).  In doing so, we must first assume that the
evidence is legally sufficient under the Jackson v. Virginia[1]
standard.  See Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 
We then consider all of the evidence that tends to prove the existence
of the elemental fact in dispute and compare it to the evidence that tends to
disprove that fact.  See Santellan
v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).

            Our role is that of
appellate review, and the fact finder is the judge of the weight and credibility
of a witness’s testimony.  Wesbrook
v. State, 29 S.W.3d 103, 111–12 (Tex. Crim. App. 2000).  The fact finder may choose to believe all,
some, or none of a witness’s testimony. 
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986).  When we review the factual
sufficiency of the evidence, we are authorized to disagree with the jury’s
determination, even if probative evidence exists that supports the
verdict.  See Clewis, 922
S.W.2d at 133.  But our evaluation should
not substantially intrude upon the jury’s role as the judge of the weight and
credibility of witness testimony.  See
Santellan, 939 S.W.2d at 164. 

            As charged, the State
was required to prove that Appellant operated a motor vehicle in a public place
while intoxicated.  Tex. Penal Code Ann. § 49.04(a) (Vernon
2006).

Analysis

            In his brief,
Appellant lists fifteen facts that could support the verdict.  They are:

            1)         Appellant admitted driving a vehicle on
a public road.

            2)         Appellant admitted to drinking two or
three beers before the accident occurred.

            3)         Appellant had the odor of alcohol on
his body.

            4)         Appellant had red and watery eyes.

            5)         Appellant was unsteady on his feet.

            6)         Appellant was confused about the
direction he had been traveling before the accident.

            7)         Appellant misspoke when reciting a
telephone number (his own).

            8)         Appellant stalled briefly before
complying with instructions from law enforcement.

            9)         Appellant’s vehicle “carried” the odor
of alcohol.

            10)       The odor of alcohol “possibly came from
Appellant’s breath.”

            11)       Appellant was disrespectful to a law
enforcement officer.

            12)       A law enforcement officer believed
Appellant had been driving while intoxicated.

            13)       Appellant’s speech was slurred.

            14)       Appellant had operated his vehicle at a
high rate of speed prior to the accident.

            15)       Appellant declined breath and field
sobriety tests.

            There was also the
testimony of one trooper that Appellant said, in refusing to take a field
sobriety test, that he would be arrested if he took it, and another trooper’s
testimony that Appellant’s wife, who arrived after the wreck, said Appellant
was intoxicated.  Furthermore, some of
the interaction between the troopers and Appellant was videotaped, and the
video was played for the jury.

            Appellant argues that
each of the evidentiary facts listed in his brief is contradicted by the
evidence or subject to qualification justifying reversal.  Specifically, Appellant argues that his
general disorientation, facts 4, 5, 6, 7, 11, and 13, can be attributed to the
fact that he had just been in a traffic accident.  He argues that the odor of alcohol, facts 3,
9, and 10, is consistent with fact 2, that he had consumed a modest amount of
alcohol.  Furthermore, he argues that the
slurred speech and red, watery eyes were not proof of intoxication and could be
explained in another way.  Last, he
argues that testimony by his mother and his wife contradicted the verdict.  Appellant’s mother testified that he was not
impaired when he left the place he had been with her prior to the wreck, and
Appellant’s wife testified that he was not intoxicated and that his eyes were
not red and watery.

            The trooper testified
that people who have been in automobile accidents can be disoriented by the
experience.  The trooper also testified
that Appellant said he was not seriously injured and that, based on his
experience with drivers who had been in wrecks, he attributed Appellant’s
disorientation to intoxication.

            The testimony of
Appellant’s mother and wife did contradict the jury’s verdict.  But the determination of the weight to be
afforded their testimony is a measuring well suited to a petit jury and not
well suited to an appellate review of the record.  Furthermore, the jury was able to make
judgments about the credibility of the troopers who worked on the case and to
view the video, which contained some of Appellant’s interaction with the
troopers.  The jury credited the
testimony of the troopers, and must have discounted the testimony of Appellant’s
family members or otherwise reconciled it with the verdict.  Appellant essentially asks us to reweigh the
evidence and substitute our judgment for that of the jury.  This we cannot do.  See Cain v. State, 958 S.W.2d
404, 407–08 (Tex. Crim. App. 1997) (en banc). 
What we are called upon to do is to act, “to a very limited degree . . .
in the capacity of a so-called ‘thirteenth juror.’”  Watson, 204 S.W.3d at 417.  We may only do this when the “great weight
and preponderance of the (albeit legally sufficient) evidence contradicts
the jury’s verdict. . . .”  Id.  

            In our judgment, the
jury’s reconciliation of the evidence was reasonable, and we are not persuaded
that the great weight of the evidence is against the verdict, or that the
verdict is clearly wrong or manifestly unjust. 
We overrule Appellant’s sole issue.

Disposition

            Having overruled
Appellant’s sole issue, we affirm the judgment of the trial
court.

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

Opinion delivered October 11, 2007.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH)











[1] Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560
(1979)